Thank you. Thank you. May it please the court. Good morning, Your Honors. My name is Dereggio D'Anastasi. I represent the appellant, Robert Phillipos. May I reserve two minutes of my time for rebuttal? You may. Thank you. I would like to focus on the first two issues addressed in my brief. The first issue we raise is the denial of a clear-cut pre-trial determination on the issue of voluntariness on the confession. The trial judge designed a new rule of criminal procedure whereby he required not only a threshold showing by way of an affidavit and exhibits in support of the motion to suppress the confession, but he also required an affirmative promise from the defendant to take the stand and testify in order to have a pre-trial hearing. He clearly stated unless the defendant makes an affirmative promise, he would not make a pre-trial clear-cut determination as required by the Supreme Court decision in Jackson v. Steno as required by U.S. Statute 18 U.S.C. 3501A and the Federal Rules of Evidence 104. We are in a position where we are representing a defendant charged with making a full statement. We have a signed confession that was obtained in a very coercive environment. We filed an extensive affidavit and several exhibits, reports. In addition, we had a pornograph expert who submitted an affidavit stating that the use of pornograph in that setting was improper, and he trains FBI agents and he is a qualified expert. If we don't agree that the confession was involuntary, in other words, if we were to conclude ultimately that the evidence supported a finding that it was a voluntary confession, your argument is still there was an error because that determination was made too late. Is that right? Not entirely. Number one, I'm arguing you cannot make that determination. No, I understand that. I'm saying if we didn't agree with you and that is the fact that it was made too late after the confession went to the jury, is that a separate claim? It's a separate ground. However, this court is not even in a position to evaluate the voluntariness of the confession because we did not present the evidence. We would have presented a pre-trial. We did not cross-examine witnesses the way we would cross-examine them if we had a pre-trial hearing. I understand that, but I'm just trying to figure out whether you're separately arguing that the timing of the voluntary decision that was made... No, that's absolutely under justice. Okay, and what's the harm that flowed from the timing? If we thought ultimately there were grounds to conclude that it was voluntary, but there was a timing problem because that determination was made only after the jury heard the confession, what is the harm to you as you would identify? The harm is that that decision by the trial judge was made on an impartial record, which was not developed in the way it would have been developed if the defendant was granted a pre-trial hearing. Well, how do we know that? I mean, the incentives were exactly the same at trial as they would have been at a pre-trial hearing. I will give you a very clear, simple response to that. We were not able to present any evidence relative to the improper use of a polygraph as a coercive, false evidence avoid mechanism. We were not able to do that because we didn't want to talk about polygraph tests before the jury. But you made the choice not to have your client testify at the pre-trial hearing. Correct. And so everything really emanates from that choice, does it not? What we asked the judge to do was to be allowed to present evidence. We wanted to make our case with witnesses, including FBI agents, and if you look at the course examination of the FBI agent who conducted the interrogation at trial, his testimony supported enough threshold showing by itself we would have been able to make our case. We did not want to introduce a subject to our client's course examination in the case that was a confidential allegation pre-trial on whether or not he made those statements knowing we were doing tests. Well, on your account, what should have happened? What should have happened was what would normally happen every day in courts across the United States, which is the defendant files a motion supporting that affidavit. The government then presents evidence. At the close of that, the defendant is allowed to present core witnesses and may choose to testify. But in Baskin, we said that if all you have to make your threshold showing is an affidavit about your view of things, that may not be enough of a threshold showing, so then you don't have to have the evidence. So you haven't gotten in the door for the hearing, so I'm not quite following the argument. Actually, in Baskin, that was the judge did conduct the hearing. There was a threshold inquiry on whether or not the defendant had standing to even raise the issue. But, Mr. Counsel, look at it from this point of view. Our case law is that a defendant in a criminal case is not entitled to a pre-trial evidentiary hearing unless he can show the existence at the minimum of a genuine issue of material fact. You try to do that through an affidavit. The judge said reasonably, I think, that I'm not bound to accept or credit an affidavit if the affiant is not available for cross-examination, particularly in the case of a defendant who chooses not to submit himself to cross-examination. So if the judge correctly set aside the affidavit, and I think under our case law that may very well be correct, where is the genuine issue of material fact that would require a pre-trial hearing? So we asked the court to allow us to call witnesses to make our showing. Witnesses other than the defendant. But those would be abstract witnesses talking about theory, without any need to apply that theory to... The FBI agent is a witness to us, for us, just as he is to the government. The person who conducted the investigation testified that he locked the 19-year-old defendant in a room. He then made threats that he would be arrested by the people he referred to as Roots, standing outside. He told them that he's either on Team America or not. But none of those facts were disputed. Everyone agrees that's what the FBI agent said. So I think... So how does that require a hearing? Also, there was the memory enhancement and then, most importantly, the polygraph component. What we alleged and argued was that there was a claim that, falsely or erroneously, that the defendant failed a polygraph during the interrogation and that was used to induce him to confess. That evidence could not have been presented during the trial. We submitted an affidavit in support of our motion to suppress from a qualified polygraph teacher. And we weren't able to get into that. There are six factors that were identified as factors that would induce a person to falsely confess. We were going to go through all of those and show to the court that the interrogation was conducted in a coercive manner and the statements were not voluntary. We were not able to present our witnesses. We were not able to present any evidence unless and until we promised the defendant it was going to testify. The defendant has a right not to testify in a suppression hearing. Defendants do not even need to be present in a suppression hearing. Yes, that's true. He did have a right, but the judge had a right in that event not to consider his affidavit. So I go back to the question, without the affidavit, where is the showing of some contested issue of fact that would trigger the right to a hearing under our case law? So the affidavit is filed under the rules to establish serious dispute over facts. You're talking about the defendant's affidavit. That's correct. So your argument boils down to the fact that even though the defendant would not testify, would not submit to course examination despite the protections of the federal rules of evidence, that the court was bound to consider his affidavit. That's what your argument boils down to. Just to have the initial hearing. Regardless of the purpose, was bound to consider his affidavit. And I don't know of anything that requires a court to consider an affidavit from a person who is available and will not testify or submit himself to course examination in support of that affidavit. What if the person is able to show that what he said in his affidavit is true through other witnesses? I'm asking for example, the claim was that the person was allowed, the hotel room was rented for the person and he was residing in that place and was trying to show that he had expectation of privacy. What if he's able to prove the hotel manager and the lease and was able to show the threshold inquiry? Suppose we threw out the affidavit. I understand you think we shouldn't, but suppose we said the judge was entitled to disregard your client's affidavit. What would have been before the judge to show that it was not voluntary? The report of the agent. So your argument is just the nature of that report, because of what was undisputed, without the affidavit, itself put in question enough the question of voluntariness, that you weren't reliant on the affidavit in order for the judge to have to make the finding. That's correct. And you say that there was enough in play because of the lulls at the door, et cetera, that there was some obligation then to determine whether this was voluntary or not. So just so I get it, a different case would be one in which on the police side they say, gee, we had tea together, it was all wonderful, and the only thing pointing towards an involuntary determination would be the defendant's affidavit. But you say that's not this case, because even without that affidavit, there was enough in play to raise a question about the voluntariness. Absolutely. The undisputed facts that the person maintained didn't remember what happened in the room over five days, then was taken to the FBI agent at 10 a.m., do not leave until 3 p.m. in the afternoon, was kept in a small room, and was told that they conducted a polygraph test, and that he failed and he's going to be in trouble. All those things are enough to raise enough issue to have a hearing. But didn't the judge have all of that information before him when he made the ruling, that the confession was voluntary? He had information that raises questions about the voluntariness of the confession. What he needed to do was make a determination under Jackson v. Dano, a pre-trial clinical determination. In fact, the judge did not say he did not have enough before him. The judge didn't say that. What he said was, despite the fact that there are issues here, I will promise from the defendant he will testify. That is not the rules. Thank you. Thank you. You have two minutes. I will reserve the rest of my time. Thank you. Thank you. If it pleases the Court, Randall Crown on behalf of the government. Starting from the last point, because I do want to clarify that the suggestion that there was enough in the record without the affidavit to merit a hearing is one that the defendant specifically disclaimed below. It was a question the district court asked the defendant in this interchange about whether the affidavit was coming in. Assuming I leave aside the affidavit, do you have enough? And the defense counsel said, I think that the evidence currently before you would support a finding of voluntariness. And, in fact, on appeal even, the suggestion has not been made that the current record, which does not include the affidavit, would be enough to support a finding of involuntariness. So I think that's not true. And it's also worth noting that there's nothing in the government's reports, as you might expect, that talks about rules or any of the other things in the affidavit that are being referred to as sort of the indicia of an involuntary or a coercive. That phrase comes from the affidavit? That comes from the affidavit. In fact, most of the other stuff, another suggestion of sort of harsh language, some of the stuff about talking about his family and that that was an emotional subject for him, all of that is from the affidavit. The government's report simply says that they did some preliminary questions about the family. It doesn't say anything about the stuff that he suggests made that coercive. It mentions that they took a polygraph. His specific suggestion that the questions were unfairly phrased comes from the affidavit. It does not come from the government's report. So the government's position, as I understand it, is twofold. First, that Judge Woodlock had the right on this record not to consider the affidavit once the defendant said that he would not subject himself to cross-examination. And two, that on what remained of the record, the threshold that we've required to insist that the judge conduct a pretrial evidentiary hearing wasn't crossed. Yes. Right. And the third point, which was brought out here, which is there's a separate, you know, they get a little conflated, but there's a separate issue about whether the procedure actually used to determine the voluntariness itself was problematic. Once taking, you know, assuming that the denial of an evidentiary hearing was proper, did the court then, you know, was there any problem with what happened thereafter? Could you speak to that? Yes. Essentially the, two points I want to make. One is that there's a suggestion that there was no preliminary ruling at all. That is not true. There's a pretrial ruling because there was a preliminary ruling. And I think it's worth noting that the defendant chose not to participate in that pretrial ruling. The government was the one who sought a pretrial ruling, and the defendant never argued that that should be a final ruling as opposed to a preliminary ruling or that there was some other problem with the procedures that had been outlined to the court. So separate from the denial of the evidentiary hearing, there was then a preliminary ruling that it was voluntary? Right. The government sought, the district court specifically said in denying an evidentiary hearing that it's in the ordinary course it would decide it after the evidence of trial, but that if anybody wanted a pretrial ruling they could seek one. The government sought a pretrial ruling because it wanted to know if it could refer to the confession in its open argument. It submitted additional information, including an affidavit from the interrogator, the person who actually conducted the questioning. That was not objected to. There was no suggestion that it was incorrect. It was not disputed. A ruling was made unobjected to that it could go forward at that point, a preliminary ruling that it was voluntary based on that information. A final ruling was then made later. And at no point was there an argument made apart from the initial argument that a preliminary evidentiary hearing should be held that these procedures were inaccurate or improper, and that's why we argued that that part is on plain error review because there was no separate argument that, okay, I understand you denied my evidentiary hearing. I need a pretrial ruling, or I need a different kind of ruling on this procedure. Nor was any attempt made to introduce any of the other evidence that has been referred to here in those proceedings. For example, there's a suggestion that his mother might have had relevant information. There was no suggestion when the government moved for a preliminary ruling there was no attempt to put in an affidavit from the mother or make any other sort of profit with respect to other information. So in a sense, once the evidentiary hearing issue was lost, the defendant abandoned the issue, and the rest of it I think is waived or certainly on plain error review, and it has not shown any prejudice given that the information that came in and the decision that was made is consistent with the information raised at trial. What sort of finding did the trial judge make during the trial when he deemed the confession voluntary? I would have to look back to see the exact wording, but he waited until it was in and he said he believed he had all the information before and would confirm. Before he made that ruling, did he hear arguments from the parties? I don't believe he solicited arguments. Also, I don't believe that anybody asked for the opportunity to make any arguments. I think what he began by saying is that I believe I have all the information on voluntariness before me, and nobody objected and said I would like to. Nobody objected at that point. Right, and then went on to rule. Okay, so the defendant, for example, didn't request a voir dire at that point to introduce out of the presence of the jury polygraph evidence or anything like that. Correct, and I think it's worth pointing out that to the extent that there's been a suggestion that the information at trial raised the issue to a threshold showing even if the information before then never had, there was no request then to have the evidentiary. It's possible to imagine, and we cite a few cases where the decision to hold the hearing is actually mid-trial where a confession comes in late to the game. He could have asked, well, now I think I've made my preliminary showing, even if I had not before based on the answers to cross-examination that I've elicited. So that's an argument that it's waived or that it's plain error review? I think that's an argument that it's plain error review. There certainly was the opportunity to make that request. So just thinking about that, from the government's perspective, what is supposed to happen in a situation like this? In the sense that the confession comes in, the jury hears the confession, and I'm just trying to get the timing straight, is that at the time the jury hears the confession, is the evidence that the defense counsel was claiming was present at the pre-trial hearing, you're saying it wasn't present at the pre-trial hearing, present at that time for the district court about wolves at the door, the kind of things that might trigger one to have a doubt about the voluntariness of a confession? No, I would say to be scrupulously clear about the timing, the confession came in through the direct testimony of the witness, and these statements about the wolves or other things that were consistent with the affidavit, although not everything in the affidavit was borne out with the cross-examination, but to the extent that it was, it came out afterwards in the cross-examination of that same witness. So in terms of the order of events, it did come in later. And the government acknowledges that's not the procedure that 3501 envisions, which is that it would come in before. As we point out in the brief, even assuming it's error, and it's a clear and obvious one, there's no prejudice here. When would there be prejudice? Well, if it was found to be involuntary. I mean, I think if this court were to determine based on the information that had come out that a showing had been made of involuntariness, and I think there are going to be. But I'm just trying to, basically the idea is that the rule is you're supposed to make the voluntary determination beforehand, but if you don't, it's not a big deal so long as it's voluntary. Well, I don't think it's quite as simple as that. So why not? It's a serious question. I don't quite get how the government's vision, that may be what the law is, but I'm just trying to figure out on the government's view. I don't see how that's not what you're arguing for. Well, I think on a plenary review, there would have to be a reasonable probability based on the existing record. And you can see where this could happen. An example would be Felice, this court's decision in Felice, where it was a plenary review case, and there was an indication there that relevant probative evidence on involuntariness had been improperly excluded at the hearing stage. And then there was also problems with procedural problems with how it had been dealt with, and they found that it was plain error. So the idea that here, that the only, if the judge had followed the procedure 35-1 contemplates more precisely, and had said, well, wait a second, before the jury hears this confession, I need to make a voluntary determination. Right. At the moment the judge would have done that, would there have been enough before the judge that he couldn't have made that determination without having a hearing? Well, at that point, the judge only had the same information he had before making the preliminary determination. That's the problem with the defendant not having renewed his request at any point during the preliminary determination or any time prior to that. So the first facts that come in that would call into question the voluntariness, because they sort of repeat what was in the defendant's affidavit, are facts that come in after the witness testifies to the confession? Yes. So the defense counsel could have sought to, before it came in, interrupt and say, before you elicit that, I want to, again, that didn't happen. And also the procedure had been laid out, and that's another thing that's important. No, the district court was very clear about what it was going to do. Was it evident that the witness was going to testify to the confession? Yes. Because the question about whether it would be admissible was a big issue before trial. The district judge even warned the government, didn't he, that if after the cross-examination it was shown to be involuntary, he'd just declare a mistrial. Right, and that's what I'm saying. There's a little bit more specific facts here, as the district court had made very clear what its plans were. Its plans were not just to simply admit it, and if it turned out it shouldn't have said, oops, but to declare a mistrial. So while it was certainly a different procedure than perhaps the statute envisions, there was no way that you can imagine being prejudicial, and the government would have actually been in a worse position had a mistrial been declared. But the way the case played out, in your view, there's nothing the district court really could have done, in a way, other than just make the voluntary disdetermination full stop right before the witness testified, because there was nothing that would have triggered the need to hear anything more. Right, and certainly, you know, unless someone pointed to a different, you know, needing a different outcome or there was other information that was relevant to the determination, the court could have simply made its preliminary determination its final determination. So because nothing was added, and the defendant never requested the permission to add any additional information. I don't know if there are any questions with respect to the other issues in the appeal. I'm trying to think. There's one thing I thought was worth pointing out, just because I think it may have been misstated slightly, was the procedure the court actually used. Well, the court, and we pointed out in our brief, but just in terms of understanding what the judge was doing in invoking the Baskin procedure, there's a suggestion that it was simply sort of an across-the-board view of the judge that this should happen in every case. But the court was more specific to the requirements of this case. The court pointed out, and I'm here looking at pages, let's see, 297 to 304, discusses its rationale, but it points out that the affidavits in this case were particularly reliant on issues of merit to the credibility of the defendant. And if you look at the affidavit, you can see this is true. What he's talking about is not necessarily objective facts so much as his reaction to them, that he was scared that certain factors were particularly emotionally problematic for him. To the extent that those could ever be credited, they were going to require the defendant's testimony. It's a point we make in our brief, but I think it's worth emphasizing. In this case, even if in another case one might find that the procedure was not necessarily required or appropriate, the court made fact-specific statements to suggest that it needed to hear from the defendant in order to be able to credit it on the affidavit. And so it made it all the more appropriate to invoke the procedure that was used in Baskin. Is that true with respect to the statements in the affidavit about what the law enforcement officers were saying to him? That's true. It's not true with respect to those. And as we point out in our brief also, you can take all of those as true and you could still deny. And, in fact, we point out that each of the things that he particularly points to, invoking being on Team USA or your father would be proud of you, these kinds of statements are the kinds of things that have been held not to be coercive conduct. So, again, you could credit those and still, in our view, still find that the affidavit did not establish the need for a hearing because there was no- That wasn't the district court's- No, this is just an additional point that's in the brief that I just wanted to point out. You're certainly making me slightly worried. When the district court has- You're distinguishing between certain facts in the affidavit about which the judge would be entitled to disregard. What are the facts, which I'm not quite following, that maybe he's less entitled to disregard? No, no, no. Something that you'd have to hear from the defendant for? No, I was really responding to a narrow point, which is the suggestion that the district court had not appropriately considered- which was a suggestion in the brief- that, in fact, the affidavits in this case do more than perhaps, in an average case, call out for the need for the defendant to be available for cross-examination to substantiate what he's saying. But not with respect to the facts about what law enforcement said, which he was also treating as if- No, no, no. I think they are also true because those facts were not in the government's papers, so they were assertions of his that had to be credited to- but I just was pointing out that because he makes an argument that it could not be harmless. Before we sit down, could you just say something about materiality, and just so I understand the government's- the limits of it. There's a statement in, I think it may be Justice Scalia's opinion, which suggests that basically no, in the context of an investigation, is always material. I can't quite tell if that is the government's position as to what the statute that now has a materiality requirement means, or whether that's not the government's position. Well, I think that is the government's position. I think that the cases that he tries to rely on are cases that predate the government opinion, and I don't think there's anything that suggests- the concurring opinions and the other opinions are, I think, taking issue with the concerns about that broad application, but not disagreeing that that's what it is. Maybe I didn't put the question precise enough, but is the government's position here that when an investigation is going on and you falsely say something in regards to it, that's automatically material? No, no. Okay, so that's what I'm trying to just figure out. What is the test of materiality then? Well, I think the materiality is Mahana, which is that it has to be of a kind that would ordinarily affect the course of the investigation, whether or not in the specifics of the case it does. And in this case, I think it was pointed out that, in fact- But does that cash out as essentially that if I am asked, was I there, and I say, no, I wasn't, and I was, that that's always going to be material? Well, it seems like it would often be. But, I mean, again, context matters, and there can be circumstances where denial would have no impact in an investigation, even in the abstract case. But in this case, I mean, I think there was plenty of evidence that not only that it could have been the abstract case, but that it could have been this case. So I think it certainly meets whatever the threshold for materiality is. Thank you, Your Honors. Thank you. By way of explanation, what the trial judge did in regards to the voluntariness issue was hear evidence from the interrogator, and then make the determination afterwards. So I would argue what was intended by Jackson v. Denno was to not place a defendant in jeopardy to begin with, if the statement is not voluntary, and if the case falls basically depends on a confession. What force do you attribute to Judge Woodblock's preliminary ruling before trial that the confession was voluntary? I would say that it was made based on incomplete record. It was made in direct contradiction to... So you can argue that that ruling was wrong, right? But the fact of the matter is there was a ruling before the defendant was placed in jeopardy. There was a ruling, a preliminary hearing, but it was not a clear-cut, pre-trial determination mandated by the U.S. Supreme Court. What's your view of how we should think about the harm or the prejudice that follows? Assume there's an error, that he should have, even though I guess one could say other than the request for that initial hearing, there's no request from defense counsel right before the witness testifies, that now we don't let him testify on a hearing, is there? We strongly argued initially there was a clear... That's pre-trial. Pre-trial. But at trial, you've lost on that, he says you're affidavit, that's not enough. Now the witness is going to testify. There's not a renewed request for a hearing at that point. I don't believe so. So then the judge goes in and has the witness testify. You say that was wrong, he should have at that point, I guess, made a clear determination of voluntariness. What's the prejudice to you that he didn't? So if you can imagine what would happen in a pre-trial hearing and a trial, it's a totally different way of presenting evidence. We were constrained in many ways. That's the violation was the denial of the pre-trial hearing, not the timing of the ruling. The ruling was based on incomplete record again because it was made during a trial, before a jury, and a way evidence would not be presented the same way as it would be if you had held a pre-trial hearing. Thank you. Thank you very much.